UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Joseph Dicesare, *as Trustee*; Laborers'
Local No. 35 Pension Fund; Laborers'
Local No. 35 Defined Contribution Fund;
and Laborers' Local No. 35 Health Care
Fund,

                              Plaintiffs,

   -v.-                                        6:08-CV-00253
                                                      (NPM/DEP)

McCarey Contracting Group, Inc., and
Joseph Smith, *individually*,

                              Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFFS: | |
| Office of David A. Kline<br>7136 East Genesee Street<br>Fayetteville, NY 13066 | David A. Kline |
| FOR THE DEFENDANT | |
| McCarey Contracting Group, Inc.<br>Attn: Cheryl S. Smith<br>240 Erie Blvd. East<br>Rome, NY 13440 | *Pro Se* |
| Joseph Smith | No appearance |

Neal P. McCurn, Senior District Judge

**Summary Order**

The plaintiffs in this ERISA action, a trustee of the Laborers' Local No. 35 Pension Fund, Defined Contribution Fund, and Health Care Fund ("the Funds") as well as the Funds themselves ("Plaintiffs"), seek a default judgment against defendants, McCarey Contracting Group, Inc. ("McCarey") and Joseph Smith, individually ("Smith"), for failure to pay contributions to the Funds on behalf of their employees pursuant to the terms of a collective bargaining agreement between Defendants and the Laborers' Local No. 35 union.  See Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §§ 1001 *et seq*.  Also before the court is a motion by Plaintiffs to strike the purported Answer filed on behalf of defendant McCarey, and, or in the alternative, for summary judgment against both defendants ("Defendants") pursuant to Fed. R. Civ. P. 56.

This action was commenced by the filing of a Complaint on February 29, 2008 and the issuance of Summonses on March 6 2008.  A copy of said Summonses and Complaint have been personally served upon Defendants on April 3, 2008, proof of which service was filed with this court that same day.  Defendants have failed to appear, answer or otherwise move with respect to the Complaint and defendant's time to appear, answer or otherwise move has expired.[1]

---

[1] A letter signed by Cheryl S. Smith, President of defendant McCarey Contracting Group, Inc., was filed in this court as an Answer on March 17, 2008.  See Dkt. No. 5.  However, the letter will not be deemed an Answer or appearance on behalf of McCarey, and consequently, Plaintiffs' motion to strike is granted, for two reasons.  First, the document does not comply with Fed. R. Civ. P. 8(b).  Second, as Plaintiffs correctly point out, pursuant to 28 U.S.C. § 1654, a corporation may not appear *pro se*, but instead must be represented by counsel.  See Lattanzio v. COMTA, Inc., 481 F.3d 137, 139-40 (2d Cir. 2007) (citing Rowland v. California Men's Colony,

Consequently, Plaintiffs have applied for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Plaintiffs also seek summary judgment against Defendants. A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). If the party against whom summary judgment is sought fails to respond, "summary judgment should, *if appropriate*, be entered against that party." Fed. R. Civ. P. 56(e) (emphasis added). Accordingly,

> the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.

Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

In support of their motions, Plaintiffs submit affidavits of their counsel, David A. Kline as well as Gerald A. Scotti, president of Integrated Administrative Services, Inc., a corporation that conducted a payroll audit of Defendants. See Aff. of David A. Kline, June 20, 2008, Dkt. No. 16-4 ("Kline Aff."); Aff. of Gerald A. Scotti, June 17, 2008, Dkt. No. 16-3 ("Scotti Aff."). Kline affirms that his attorney fees in this matter total $10,056. See Kline Aff. ¶ 8. Scotti affirms

---

Unit II Men's Advisory Coun., 506 U.S. 194, 202, 113 S.Ct. 716 (1993)). Accordingly, defendant McCarey has not answered the complaint or otherwise appeared pursuant to Fed. R. Civ. P. 55.

that pursuant to audit, the unpaid contributions for January 2006 and February through April 2007 total $7,148.41.  See Scotti Aff. ¶ 5.

Under ERISA, an employer such as the Defendants here, "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms of such plan or such agreement."  29 U.S.C. § 1145.  The prevailing plaintiff in an action pursuant to § 1145 shall be awarded:

> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
>> (i) interest on the unpaid contributions, or
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and the costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

Accordingly, the Plaintiffs are entitled to an award in the amount of $19,470.92, which includes the following:

> (A) Unpaid contributions: $7,148.41
> (B) Interest: $836.83
> (C) An amount equal to the greater of the interest or liquidated damages: $1,429.68
> (D) Attorney's fees: $10,056

Upon a careful review of the supporting affidavits and exhibits attached thereto, and the memorandum of law submitted by Plaintiffs' counsel in support of

3

the pending motions, the court has determined that Plaintiffs are entitled default judgment as well as summary judgment. Specifically, the court finds that no genuine issue of material fact exists which would prevent judgment as a matter of law in favor of Plaintiffs.

Accordingly, it is hereby ORDERED that Plaintiffs' motion to strike the "answer" filed on behalf of defendant McCarey Contracting Group, Inc., see Dkt. No. 5, is GRANTED; and it is further

ORDERED that Plaintiffs' motion for entry of a default judgment against defendants McCarey Contracting Group, Inc. and Joseph Smith is GRANTED; and it is further

ORDERED that Plaintiffs' motion for summary judgment against defendants McCarey Contracting Group, Inc. and Joseph Smith is GRANTED; and it is further

ORDERED that Plaintiffs are awarded $19,470.92 pursuant to 29 U.S.C. § 1132(g).

IT IS SO ORDERED.

DATED:   July 25, 2008
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge